UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN JO GROSS,

          Plaintiff,                 Case No. 2:16-cv-10365
                                            Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND PURSUANT TO SENTENCE FOUR (DE 17) AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 20)**

## I.     BACKGROUND

Plaintiff, Kristen Jo Gross, Jr., brings this action under 42 U.S.C. §§405(g)
and 1383(c)(3) for review of a final decision of the Commissioner of Social
Security ("Commissioner") denying her application for disability insurance
benefits. On March 19, 2013, Plaintiff protectively filed an application for
disability insurance benefits, alleging that she has been disabled since February 13,
2013. (R. at 31.) Plaintiff's application was denied and she sought a *de novo*
hearing before an Administrative Law Judge ("ALJ"). ALJ Melody Paige held a
hearing on October 30, 2014 and subsequently determined that Plaintiff was not
disabled within the meaning of the Social Security Act. (R. at 31-86.) On

December 19, 2015, the Appeals Council denied Plaintiff's request for review. (R. at 1-4.) ALJ Paige's decision became the Commissioner's final decision. Plaintiff then timely commenced the instant action.

## II.   THE INSTANT MOTIONS

In her motion for remand, Plaintiff asserts that ALJ Paige committed reversible error in three ways: 1) by violating the treating source rule, 20 C.F.R. §404.1527(c)(2) and S.S.R. 96-8p; 2); 2)   by erring in her consideration of Plaintiff's credibility; and 3) by relying upon an incomplete hypothetical to the vocational expert ("VE") at Step 5. (DE 17.) The Commissioner opposes the motion and has filed a motion for summary judgment, noting that substantial evidence supports the ALJ's decision.

The parties have consented to my authority. (DE 13.) A hearing was held on March 17, 2017, at which Plaintiff's counsel (Edward A. Wicklund) and Defendant's counsel (AUSA John J. Engel) appeared by telephone. The Court will consider the parties' arguments, both on the papers and at the hearing, in turn.

## III.   ANALYSIS

### A.   Treating Physician Rule

Plaintiff's treating physician, Mark Brennan, M.D., completed two residual functional capacity ("RFC") questionnaires: the first on October 13, 2013 and the second on August 8, 2014. (R. at 325-26 and 423-25.) In both, he concluded that

2

Plaintiff's impairments precluded sedentary work. The ALJ discounted Dr. Brennan's conclusion, noting that its work preclusive nature was not well supported by treatment notes or objective studies, and seemed to rely heavily on Plaintiff's subjective reports. (R. at 36.) The ALJ formulated an RFC that limited Plaintiff to sedentary work "except that she can occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl; but can never climb ladders, ropes, or scaffolds" and should avoid "concentrated exposure to vibrations and hazards," with only occasional reaching overhead. (R. at 34.) The parties concede that Dr. Brennan's opinions constitute the only opinion evidence in the record.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(b). The regulations define medical opinions as "statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). "Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists." 20 CFR § 404.1527(e)(2)(i). The ALJ must, however, "consider findings and other opinions" of State Agency medical or psychological consultants.

The ALJ generally gives deference to the opinions of a treating source "since these are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). To qualify as a treating source, the physician must have an "ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1502.

If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must meet certain procedural requirements.[1] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

---

[1] An exception exists for treating source opinions on issues that are reserved to the Commissioner, which "are never entitled to controlling weight or special significance." S.S.R. 96-5p, 61 FR 34471-0, at *34473. Examples of issues reserved to the Commissioner include:

> 1. Whether an individual's impairment(s) meets or is equivalent in severity to the requirements of any impairment(s) in the listings;
> 2. What an individual's RFC is;
> 3. Whether an individual's RFC prevents him or her from doing past relevant work;
> 4. How the vocational factors of age, education, and work experience apply; and
> 5. Whether an individual is "disabled" under the Act.

*Id.*

> [A]n ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Id.; see also* 20 C.F.R. § 404.1527(c).

However, while an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion," 20 C.F.R. § 416.927(c)(2), and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," *Friend v. Comm'r of Soc. Sec.*, No. 09-3889, 375 F. App'x 543, 550 (6th Cir. 2010) (per curiam) (internal quotation omitted), there is no *per se* rule that requires a written articulation of each of the six regulatory or "*Wilson* factors" listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010). In other words, the regulations do not require "an exhaustive factor-by-factor analysis." *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804-805 (6th Cir. 2011) (citing § 404.1527(d)(2)).

Plaintiff puts forth two arguments with respect to the ALJ's treatment of Dr. Brennan's opinion. First, she asserts that the ALJ improperly discounted his opinion that Plaintiff could not perform sedentary work and points to treatment records and examination findings that support Dr. Brennan's conclusions. Second,

5

she argues that the ALJ committed reversible error by discounting the only opinion evidence in the record and creating an RFC by interpreting the raw medical data in the record. While Plaintiff's first argument is unavailing, her second is meritorious.

### 1.   The ALJ Did not Err in Discounting Dr. Brennan's Opinion

The ALJ properly discounted Dr. Brennan's opinion. First, she noted that Dr. Brennan's opinion that Plaintiff could not return to work is an issue reserved to the Commissioner and therefore not entitled to special deference. *See* 20 C.F.R. § 404.1527(d). Second, she concluded that Dr. Brennan's treatment notes and objective medical evidence in the record were inconsistent with his severe limitations. She did not commit error in discounting the opinion for inconsistencies. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009) (concluding that the ALJ properly rejected a treating physician opinion that was not supported by objective medical evidence); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (the ALJ is "not bound by conclusory statements of doctor, particularly where they are unsupported by detailed objective criteria and documentation." (internal quotation omitted)); *White v. Comm'r of Soc. Sec.,* 572 F.3d 272, 286 (6th Cir. 2009) (an ALJ's finding that a medical opinion conflicts with other evidence in the record is sufficient to discount the opinion.).

### 2.     Plaintiff's RFC is not Supported by Substantial Evidence

The parties spent the entirety of the hearing on Plaintiff's second argument related to the ALJ's treatment of opinion evidence and the resulting RFC.  As stated in her brief, Plaintiff asserts that the ALJ erred by relying on raw medical data in the record to formulate her RFC and essentially "playing doctor."  Pursuant to 20 C.F.R. § 404.1527(d), the RFC assessment is the sole purview of the ALJ.  However, there is significant case law in this district confirming the general principle that the ALJ "must generally obtain a medical expert opinion" when formulating the RFC unless the "'medical evidence shows relatively little physical impairment' such that the ALJ can permissibly render a commonsense judgment about functional capacity[.]"  *Guido v. Comm'r of Soc. Sec.*, No. 13-cv-13520, 2014 WL 4771929, at *12 (E.D. Mich. Sept. 24, 2014) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)); *see also Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013) ("ALJ RFC determinations must be supported by medical opinions."); *Allen v. Comm'r of Soc. Sec.*, No. 12-15097, 2013 WL 5676254, at *15 (E.D. Mich. Sept. 13, 2013), *report and recommendation adopted*, No. 12-15097, 2013 WL 5676251 (E.D. Mich. Oct. 18, 2013) (finding that the RFC was not supported by substantial evidence where the ALJ rejected the only opinion evidence in the record, leaving the court "with the circumstance of the ALJ interpreting raw

7

medical data to arrive at a residual functional capacity determination, without the benefit of an expert medical opinion."); *Tomford v. Comm'r of Soc. Sec.*, No. 13-11140, 2014 WL 764685, at *1 (E.D. Mich. Feb. 25, 2014) (same); *Wheeler v. Comm'r of Soc. Sec.*, No. 14-12540, 2015 WL 5461527, at *9 (E.D. Mich. Aug. 14, 2015), *report and recommendation adopted*, No. 14-12540, 2015 WL 5460709 (E.D. Mich. Sept. 17, 2015) (stressing "the importance of medical opinions to support a claimant's RFC"); *Ali v. Comm'r of Soc. Sec.*, No. 15-14483, 2017 WL 726665, at *11 (E.D. Mich. Jan. 20, 2017, *report and recommendation adopted*, No. 15-14483, 2017 WL 712899 (E.D. Mich. Feb. 23, 2017) (where the only opinion evidence has been discounted, "Courts in this circuit have regularly noted that, while it is for the ALJ to weigh the medical evidence, ALJs are not qualified to interpret raw medical data, and may not 'play doctor.'"); *Greenly v. Colvin*, No. CIV 14-12345, 2015 WL 4635641, at *6 (E.D. Mich. July 27, 2015), *report and recommendation adopted*, 2015 WL 5026180 (E.D. Mich. Aug. 21, 2015) (remanding where no consulting physician had assessed the claimant's RFC and the claimant had well documented impairments); *Zaft v. Comm'r of Soc. Sec.*, No. 12-12415, 2013 WL 5340772, at *12 (E.D. Mich. Sept. 23, 2013) (emphasizing that "while an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his or her own lay 'medical' opinion for that of a treating or examining doctor."

(internal quotations omitted)); *Morgan v. Colvin*, No. CV 15-12544, 2016 WL 5430215 (E.D. Mich. Sept. 29, 2016), *report and recommendation adopted*, 2016 WL 5430215 (E.D. Mich. Sept. 29, 2016); *but see Woelk v. Comm'r of Soc. Sec.*, No. CIV 13-12411, 2014 WL 2931404, at *7-8 (E.D. Mich. May 15, 2014), *report and recommendation adopted*, 2014 WL 2931411 (E.D. Mich. June 30, 2014) (finding that it was not *per se* grounds for error when an ALJ did not cite to any medical opinion when assessing the claimant's RFC).   Although the Sixth Circuit has not directly addressed this issue, the conclusion of this district has support in other circuits. *See Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F. 3d 15, 17 (1st Cir. 1996) ("[A]n ALJ, as a lay person, is not qualified to interpret raw data in a medical record" unless "the medical evidence shows relatively little physical impairment[.]"); *Ferguson v. Schweiker*, 765 F. 2d 31, 37 (3d Cir. 1985) (concluding that it was "incumbent upon the ALJ to secure additional evidence from another physician" where the ALJ discounted the opinion evidence in the record); *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (remanding where the ALJ discounted opinion evidence and substituted his own assessment of the claimant's diagnosis in articulating the RFC).

Defendant points out that these unpublished cases from our own circuit are not binding on this Court and maintains that they were decided in error.  The Commissioner asks the Court instead to rely on the principles outlined in the

regulations as set forth in *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013), which states that requiring the "ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" *Id.* (quoting SSR 96-5p, 1996 WL 374183 (July 2, 1996)); *see also* 20 C.F.R. § 404.1527(d)(2). However, where the Court finds that the treating physician's opinion *was properly rejected or discounted*, as here, it is not a question of requiring the ALJ to base the RFC on the rejected opinion, but rather of whether the ALJ has *another basis* for assigning one, beyond the ALJ's own interpretation of raw medical data.

The Court, therefore, is left with a multitude of consistent, reported and unreported cases holding that it is in error for the ALJ to formulate an RFC without the benefit of *any opinion evidence* and an unreported, non-binding Sixth Circuit case which is somewhat at odds with this conclusion. The reasoning in *Rudd* is persuasive—the social security statute does not contemplate a bright line rule requiring the ALJ to base his or her RFC finding on a physician's opinion. For example, as discussed by Defendant at the hearing, 20 C.F.R. § 404.1527(d) provides that the final responsibility for deciding issues such as the claimant's residual functional capacity is reserved to the Commissioner. However, the district

10

court cases cited above also do not require the ALJ to entirely base his or her RFC finding on the opinion of a physician—they require the ALJ's RFC assessment be supported by substantial evidence and not merely on the ALJ's own medical interpretation of the record.

Further, in order to make a decision on this issue, this Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." *Pollacia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011); *see also Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (requiring an appellate record that would "permit meaningful review" of the ALJ's application of the rules). In the instant case, it is unclear on what the ALJ based her ultimate RFC conclusion, and she draws no accurate and logical bridge to instruct the Court of her reasoning. While she points to MRI results showing mild to moderate issues and minimal lower extremity swelling, this Court is hard pressed to meaningfully review those medical judgments. For example, what effect does an EMG study finding "mild right-sided C7 radiculopathy and mild right-sided L5 and S1 radiculopathy" have on Plaintiff's ability to lift or carry "articles like docket files, ledgers, and small tools," or to perform occasional overhead reaching? (R. at 34-35); 20 C.F.R. § 404.1567(a). A medical doctor could presumably tell us.

It is notable that the ALJ stated during the hearing that she "was a nurse for 40 years," indicating that she does have significant medical training and an ability to assess the objective medical data in a way that this Court does not.  (R. at 71.) This was said in the context of her having Plaintiff stand up at the hearing so she could "look at her legs" in order to "see if they're swollen."  (R. at 70-71.)  This highlights the problem at hand.  *See, e.g., Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (finding that the ALJ impermissibly substituted the treating physician's medical opinion with her own where he assessed the potential pain pelvic adhesions would cause).  Nurses are not considered acceptable medical sources under the Social Security rules.  20 C.F.R. § 404.1502; *see also Meuzelaar v. Comm'r of Soc. Sec.*, 658 F. App'x 582, 584 (6th Cir. 2016) (noting that, in the context of a social security appeal, the opinion of a nurse "is entitled to less weight than a physician's opinion.").  For the purposes of Social Security Disability Law, ALJ Paige is as much a lay person as I am, or very nearly so.  *Nguyen v. Chater*, 172 F. 3d 31, 35 ("As a lay person . . . the ALJ was simply not qualified to interpret raw medical data in functional terms" where "no medical opinion supported the [RFC] determination.").   While it is perfectly legitimate for a judicial officer to examine physical evidence—for example viewing scars—here the ALJ pointed to her own experience as a nurse and implied an expertise beyond that of an adjudicator.

Nor is this a case where the medical evidence shows relatively little physical impairment, such that the ALJ can make a commonsense judgment about Plaintiff's functional capacity. *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (an example of an "exceptional 'totally groundless'" claim that could be dismissed on the medical evidence alone). There is significant evidence in the record indicating that Plaintiff was admitted to the hospital for five days due to leg pain and thigh rash, reporting severe pain (R. at 432-34), underwent treatment for back and shoulder pain (R. at 330-31, 334-35, 338, 341, 344), had a tender cervical spine with limited flexion and extension (R. at 351-52), and suffered from weakness in the right upper extremity (R. at 348). Accordingly, although there are likely instances in which an ALJ can formulate an RFC without the aid of opinion evidence, this is not one of those cases. The RFC determination in this action is not supported by substantial evidence and this matter must be remanded on that basis. A remand is necessary to obtain a proper medical source opinion and for the redetermination of Plaintiff's RFC. If necessary, the ALJ may utilize any of the tools provided in the regulations for ordering additional opinion evidence. *See* 20 C.F.R. §§404.1512(b)(2) and 404.1520b(c).

**B.    Credibility**

"The ALJ's assessment of credibility is entitled to great weight and deference, since he [or she] had the opportunity to observe the witness's

demeanor." *Infantado v. Astrue,* 263 Fed. App'x 469, 475 (6th Cir. 2008). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247. It is for this reason that the ALJ's credibility findings have at times been characterized as "unchallengeable." *Payne v. Comm'r Soc. Sec.*, 402 Fed. App'x 109, 113-114 (6th Cir. 2010). Nevertheless, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997).

Here, the ALJ properly discounted Plaintiff's credibility by pointing to contradictions between her testimony and the record evidence. For example, the ALJ found Plaintiff's testimony that she could not work because of swelling in her legs to be contradicted by evidence in the record in which she indicated that the swelling was minimal and controlled by medication. (R. at 35 and 217.) The ALJ also notes that Plaintiff's complaints of regular migraines was not supported by the evidence in the record. (R. at 35.) Finally, the ALJ concluded that Plaintiff's contention that she was unable to sit, stand, or walk was inconsistent with the fact that she went on a camping trip, during which she swam, drove two hours to get home, and "subsequently went shopping all day[.]" (R. at 37, 401, 434, and 441.) Discounting credibility on the basis of such inconsistencies was not in error. *See Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 336 (6th Cir. 2007) (concluding

that substantial evidence supported the ALJ's credibility determination where it was based on "inconsistencies between [the plaintiff's] testimony, medical history, and information he and his wife submitted to the SSA.")

## C.    Step 5

Plaintiff has waived her argument with respect to the ALJ's reliance on the hypothetical to the VE at Step 5.  The Sixth Circuit explains that "[i]t is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPhereson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *see also United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  Here, Plaintiff merely indicates that the ALJ's hypothetical "failed to provide any of the supported limitations by Dr. Brennan," and therefore was not supported by substantial evidence.  Further, by framing her argument in this way, Plaintiff attempts to shift the burden of proof from herself to the ALJ, since the burden remains with the claimant through Step 4.  *Jones v. Comm'r Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) ("Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work . . . .").

Plaintiff's counsel did not address this issue at the hearing. Given the paucity of argument in the brief and failure to even mention it during the hearing, I conclude that Plaintiff has waived her Step 5 argument, which, to the extent it is discernible, appears to be just a repackaging of her attack on the RFC.

### D.    Remand Under Sentence Four

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue,* 10–207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher,* 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's]

16

decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)).  Here, there is insufficient support for the ALJ's findings, and the factual issues have not been resolved.  This matter shall therefore be remanded for rehearing under Sentence Four consistent with this opinion.

## III.   CONCLUSION

Due to the errors outlined above, and in order for this Court to have an appellate record which would "permit meaningful review," *Wilson*, 378 F.3d at 544, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. §405(g).  Accordingly, Plaintiff's motion for remand is **GRANTED** and Defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 28, 2017                  s/Anthony P. Patti_____
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 28, 2017, electronically and/or by U.S. Mail.

                                       s/Michael Williams_____
                                       Case Manager for the
                                       Honorable Anthony P. Patti

17