UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN JO GROSS,

        Plaintiff,                        Case No. 2:16-cv-10365
                                                   Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EAJA (DE 35)

**I.    BACKGROUND**

    **A.    Procedural Background**

Plaintiff, Kristen Jo Gross, filed her application for disability insurance (DI) benefits on March 19, 2013, alleging that she has been disabled since February 13, 2013. (R. at 31.) Plaintiff's application was denied and she sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). ALJ Melody Paige held a hearing on October 30, 2014, and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 31-86.) On December 19, 2015, the Appeals Council denied Plaintiff's request for review. (R. at 1-4.) ALJ Paige's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action in federal court. In her motion for remand, she set forth three statements of error: (1) that the ALJ violated the treating source rule; (2) that the ALJ erred in her consideration of Plaintiff's credibility; and (3) that the ALJ erred by relying upon an incomplete hypothetical to the vocational expert. (DE 17.) The Commissioner opposed Plaintiff's motion and filed a motion for summary judgment, asserting that substantial evidence supports the ALJ's decision. (DE 20.) Plaintiff filed a reply brief in support of her motion to remand. (DE 22.) The parties consented to my authority (DE 13), and a hearing was held on March 17, 2017, at which Plaintiff's counsel and Defendant's counsel appeared by telephone.

On March 28, 2017, the Court issued an Opinion and Order granting Plaintiff's motion to remand, denying Defendant's motion for summary judgment, and remanding the case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration. *Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824 (E.D. Mich. 2017). While the Court held that the ALJ did not err in discounting Plaintiff's credibility, and that Plaintiff waived her argument with respect to the ALJ's reliance on the hypothetical to the vocational expert at Step 5, as to the first issue, it concluded that, although the ALJ did not err in discounting the opinion of Plaintiff's treating physician, substantial evidence did not support the ALJ's residual functional capacity (RFC) determination because there is

insufficient support for the ALJ's findings, and the factual issues have not been resolved. *Gross*, 247 F.Supp.3d at 827-830. Specifically, the Court noted that the ALJ's RFC assessment must be supported by substantial evidence and not merely the ALJ's own medical interpretation of the record. *Id.* at 829. The ALJ here formulated the RFC without the benefit of any opinion evidence and instead "pointed to her own experience as a nurse and implied an expertise beyond that of an adjudicator." *Id.* at 830. The Court explained that this is not a case "where the medical evidence shows relatively little physical impairment, such that the ALJ can make a commonsense judgment about Plaintiff's functional capacity" without the aid of opinion evidence. *Id.* Ultimately, the Court concluded that "[t]he RFC determination in this action is not supported by substantial evidence" and that "[a] remand is necessary to obtain a proper medical source opinion and for the redetermination of Plaintiff's RFC." *Id.*

### B. The Instant Motion

In the instant motion, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in an amount of $7,7301.71, consisting of 37.9 attorney hours at $187.09/hour ($7090.71) and 8 paralegal hours at $80/hour ($640.00). (DE 35-1 at 3.) In her reply brief, Plaintiff requests an additional two hours ($374.18) for "time spent drafting this EAJA reply as the Commissioner threatened all fees," bringing the total request to $8,104.89. (DE 37 at 7.) In

3

support of this request, Plaintiff alleges that Defendant's position was "not substantially justified" "because the ALJ played doctor and guessed at Plaintiff's RFC without expert guidance." (DE 35-7 at 3.) In addition, Plaintiff argues that "the ALJ as a lay person is not qualified to interpret the raw medical data into functional terms" and that "the ALJ rendered an unsupported physical RFC based upon his [sic] own lay opinion." (DE 35-7 at 3-5.)

The Commissioner opposes Plaintiff's application and argues that her position was substantially justified for three reasons. First, she contends that she reasonably relied on the Social Security regulations and the Sixth Circuit's decision in *Rudd v. Commissioner of Social* Security, 531 F. App'x 719 (6th Cir. 2013), which she asserts are inconsistent with Plaintiff's position that an RFC must be based on a doctor's opinion. (DE 36 at 3-6.) Second, she contends that the Court remanded "for lack of articulation" and "[a]rticulation errors do not result in EAJA fees." (*Id.* at 6.) Third, she asserts that she raised a number of issues, and the Court found the Commissioner's position correct on all of these issues but one, and thus her "litigation position was justified 'in the main,' and EAJA fees are not appropriate." (*Id.* at 7.)

Plaintiff filed a reply arguing again that the Commissioner's position cannot be substantially justified because the RFC determination relied on the ALJ playing doctor. (DE 37 at 5.) She further argues that "the formulation of an RFC based

4

upon raw medical data could never be an articulation error, because the ALJ[,] as a lay person, could never on remand correct or further explain as to how raw medical data translates into functional terms given that they do not have [sic] a medical degree." (*Id.* at 6.) Further, Plaintiff contends that the Sixth Circuit in *Glenn v. Commissioner of Social Security*, 763 F.3d 494 (6th Cir. 2014), refuted the Commissioner's position that that "the counting of issues should matter." (*Id.* at 7.) Plaintiff concludes that "remand was inevitable because the ALJ played doctor and had no support for an RFC that harmfully rendered Plaintiff not disabled." (*Id.*)

## II. STANDARD OF REVIEW

"In separate provisions, the EAJA allows a prevailing party other than the United States to recover fees and expenses incurred 'in any civil action' brought by or against the United States, 28 U.S.C. § 2412(d)(1)(A), or in an 'adversary adjudication' conducted by an agency of the United States, 5 U.S.C. § 504." *Tri–State Steel Const. Co., Inc. v. Herman,* 164 F.3d 973, 977 (6th Cir.1999). Plaintiff filed the instant request pursuant to 28 U.S.C. § 2412, which provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection
>
>> (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of

> agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Applying the foregoing authority, an award of fees requires that: 1) the plaintiff was the prevailing party; 2) the government's position was not substantially justified; and, 3) no special circumstances make an award of fees unjust.

A party is considered to have prevailed where it has been the victor in a lawsuit or has "vindicated important rights through a consent judgment." *Citizens Coal. for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th Cir. 1983) (internal quotation marks omitted). The court will generally confer prevailing-party status on a plaintiff who has won a Sentence 4 remand. *Sec'y v. Schaefer*, 509 U.S. 292, 300 (1993). Here, neither party disputes Plaintiff's status as the prevailing party. Likewise, the Commissioner does not articulate a basis for finding that any "special circumstances" would make an award of fees unjust, nor does the Court so find.

Instead, the parties dispute whether the Commissioner's position was "substantially justified." (DE 35-7 at 2-6; DE 36 at 3-7.) The Commissioner bears

the burden of establishing that her position was substantially justified. *E.W. Grobbel Sons, Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999). As the Sixth Circuit has explained, "[t]he government's position is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d at 494, 498 (6th Cir. 2014). "The Commissioner's position may be substantially justified even if a district court rejects it." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)). Stated otherwise, "the fact that the Commissioner's decision was found to be supported by less than substantial evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir. 1997)). However, "objective indicia such as a string of losses can be indicative." *Glenn*, 763 F. 3d at 498 (citing *Pierce*, 487 U.S. at 569).

### III. ANALYSIS

#### A. Whether the Commissioner's Position was Substantially Justified

As stated above, the Commissioner bears the burden of establishing that her position was substantially justified. *DeLong*, 748 F.3d at 725-726 (citation omitted). The Government discharges its burden by demonstrating that the

7

position had "'a reasonable basis both in law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

### 1. "Reasonable reliance" on *Rudd*

The Commissioner first argues that her position was substantially justified because she "reasonably relied" on the Sixth Circuit decision in *Rudd v. Commissioner of Social Security*, 531 F. Appx 719 (6th Cir. 2013), which the Commissioner asserts rejected the idea that an RFC must be based on a medical opinion. (DE 36 at 3-6.) She further argues that the regulations expressly require the ALJ to evaluate the medical evidence and determine whether a claimant is disabled, and do not require that the RFC be based on a medical opinion. (DE 36 at 5, citing 20 C.F.R. § 404.1529(c)(3).) Plaintiff responds that the ALJ here improperly "played doctor" and guessed at Plaintiff's RFC without expert guidance. (DE 35-7 at 3-4; DE 37 at 3.)

In finding that the RFC here is not supported by substantial evidence and remanding this matter to the Commissioner for redetermination of the RFC, the Court cited to and relied on significant case law in this district, as well as in other circuits, published and unpublished, "confirming the general principle that the ALJ must generally obtain a medical expert opinion when formulating the RFC unless the medical evidence shows relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about functional capacity."

8

*Gross*, 247 F.Supp.3d at 828-29 (internal quotation marks omitted and collecting cases). The Commissioner does not argue that this is a case involving "relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about functional capacity." *See id.* Rather, she argues that the ALJ's RFC determination need not be based on a medical opinion. (DE 36 at 3-6.)

The Court expressly considered the same argument the Commissioner makes here, and the Sixth Circuit's unpublished (albeit reported) case, *Rudd v. Commissioner of Social Security*, 531 F. App'x 719 (6th Cir. 2013), in deciding to remand this matter, but explained that:

> [W]here the Court finds that the treating physician's opinion *was properly rejected or discounted*, as here, it is not a question of requiring the ALJ to base the RFC on the rejected opinion, but rather of whether the ALJ has *another basis* for assigning one, beyond the ALJ's own interpretation of raw medical data.

*Gross*, 247 F.Supp.3d at 829 (emphasis in original). The Court found that the ALJ here did not have "*another basis*" for the RFC, other than her own interpretation of the raw medical data, and thus the RFC determination was not supported by substantial evidence. *Id.* The Court here further explained that while the district court cases it cited "do not require the ALJ to *entirely* base his or her RFC finding on the opinion of a physician—they [do] require the ALJ's RFC assessment be

9

supported by substantial evidence and not merely on the ALJ's own medical interpretation of the record." *Id*. (emphasis added).

The ALJ in this case discounted the opinion of Plaintiff's treating physician that Plaintiff was unable to perform sedentary work—concededly the <u>only</u> opinion evidence in the record addressing Plaintiff's functional limitations—but then "pointed to her own experience as a nurse and implied an expertise beyond that of an adjudicator" in making her RFC determination that Plaintiff could perform a reduced range of sedentary work. *Id.* at 830. The record contains significant evidence regarding treatment, testing and hospitalization records regarding Plaintiff's leg pain, back and shoulder pain, tender cervical spine issues, and upper extremity weakness. *Id.* However, after the treating physician's opinion was discounted, the record was devoid of any opinion evidence to aid the ALJ in formulating the Plaintiff's RFC. Notably, the ALJ pointed to her own experience as a nurse "for 40 years" while having Plaintiff stand during her hearing so that the ALJ could see if Plaintiff's legs were swollen, further demonstrating that the ALJ was impermissibly substituting her opinion for that of a physician. *Id.* However, for purposes of Social Security Disability Law, the ALJ was a lay person and not qualified to interpret medical data in functional terms.[1] Accordingly, the ALJ's RFC was not supported by substantial evidence and has no reasonable basis in fact

---

[1] The Court also noted that nurses are not considered acceptable medsical sources under the Social Security rules. *Gross*, 247 F.Supp.3d at 830 (citations omitted).

because it relied on the ALJ playing doctor (or more aptly here, nurse), and the Commissioner's litigation position in defending the misguided role playing was not substantially justified. *See Wilson v. Colvin*, No. 13-CV-10158, 2014 WL 824862, at *1 (E.D. Mich. Mar. 3, 2014) (finding plaintiff entitled to award of fees under the EAJA because "the discounting of Dr. Quines's [treating physician] opinion would mean that the ALJ improperly relied on raw medical data in formulating the RFC determination instead of opinion evidence"). Moreover, the Commissioner has suffered "a string of losses" on this issue (*see Gross*, 247 F.Supp.3d at 828-29), which is "objective indicia" that substantial justification is lacking. *Glenn*, 763 F.3d at 498 (citing *Pierce*, 487 U.S. at 569).

### 2. Articulation Errors

The Commissioner also contends that the Court remanded here "for lack of articulation" and thus EAJA fees are not appropriate. (DE 36 at 6.) The Commissioner relies on language in the Court's decision stating that, "In the instant case, it is unclear on what the ALJ based her ultimate RFC conclusion, and she draws no accurate and logical bridge to instruct the Court of her reasoning." (*Id.* citing *Gross*, 247 F.Supp.3d at 830.) Plaintiff disagrees that this matter was remanded for a *mere* articulation error, but rather because the ALJ's RFC was based upon raw medical data and is not supported by substantial evidence. (DE 37 at 5-6.)

In *DeLong*, the Sixth Circuit affirmed the denial of EAJA attorney fees where the "fatal flaw" in the hearing officer's opinion was "'*not* in the weight he found was appropriate for various medical opinions,' but rather in his failure to *explain* his findings adequately." *DeLong*, 748 F.3d at 727 (emphasis in original, citation omitted). Contrary to *DeLong*, this matter was not remanded for "insufficient articulation" or a claimed "failure to explain" findings; but, rather was remanded for rehearing under Sentence 4 for "insufficient support for the ALJ's findings, and [because] the factual issues have not been resolved." *See Gross*, 247 F.Supp.3d at 832. The Court expressly found that the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly pointed to her own experience as a nurse and formulated the RFC based on her own medical interpretation of the record, and that "[a] remand is necessary to obtain a proper medical source opinion and for the redetermination of Plaintiff's RFC." *Gross*, 247 F.Supp.3d at 830. Further, as Plaintiff states in her reply brief, "the formulation of an RFC based upon raw medical data could never be an articulation error, because the ALJ[,] as a lay person, could never on remand correct or further explain as to how raw medical data translates into functional terms given they do not have [sic] medical degrees." (DE 37 at 6.) The Court also instructed that "[i]f necessary, the ALJ may utilize any of the tools provided in the regulations for ordering additional opinion evidence." *Id.* at 830-31 (citing 20 C.F.R. §§

12

404.1512(b)(2) and 404.1520b(c)). Thus, the errors necessitating remand in this case were not mere "articulation errors" or mere "failures to explain," and the Commissioner's position was not substantially justified.

### 3. Number of issues

Finally, the Commissioner argues that her "litigation position was … justified 'in the main,' and EAJA fees are not appropriate" because Plaintiff raised four challenges to the ALJ's decision, and the Court "rejected all Plaintiff'[s] arguments but one[.]" (DE 36 at 7.) Plaintiff responds that the Sixth Circuit has directly refuted this position in *Glenn*, noting that the inclusion of unsuccessful claims does not undermine the inevitability of remand and finding that the substantial justification standard is not reduced to comparing successful and unsuccessful claims. (DE 37 at 7.)

There is no merit whatsoever to the Commissioner's contention that because she prevailed on three out of four claims Plaintiff raised in her appeal, her overall litigation position was therefore reasonable. As the Sixth Circuit emphasized in *Glenn*, 763 F.3d at 498, the substantially justified standard is not "a matter of comparing the number of successful claims to unsuccessful claims in a single appeal." "Rather, the question is whether the government's litigation position *in opposing remand* is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." *Id.* at 498-99 (emphasis in

13

original) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). As explained above, the Commissioner's position here opposing remand in the face of the ALJ's erroneous RFC determination based on her own medical interpretation of the record evidence was not substantially justified.

For all of these reasons, the Court finds that the Commissioner's litigation position was not substantially justified.

### B. The Amount and Rate of the EAJA Fees to be Paid

Plaintiff has requested an award of attorney's fees under the EAJA in the amount of $8,104.89. (DEs 35, 37.) The Commissioner does not address, much less contest, either the number of hours or the hourly rate claimed by Plaintiff's counsel. (DE 36.)

EAJA fees must be "reasonable.' 28 U.S.C. § 2412(b). The EAJA provides that "fees awarded … shall be based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel has requested to be compensated at an hourly rate of $187.09, which exceeds the statutory cap of $125 per hour. In support, counsel attaches the Department of Labor's Consumer Price Index (CPI) for the Midwest

14

urban region of the country, showing a cost of living increase which yields an hourly rate of $187.09 for work performed in the second half of 2016. (DE 35-2 at 2-3.) Plaintiff's counsel, Howard Olinsky, also attaches his affidavit which attests that he has extensive experience in Social Security law. (DE 35-1.)[2] He calculates his fees in this case at 37.9 hours of attorney work performed, for a total of $7,090.71. In addition, Mr. Olinsky seeks $80.00 per hour for 8 hours of paralegal work, for a total of $640.00. The total EAJA fees sought in the motion are $7,730.71. The Court finds that the CPI and Mr. Olinsky's affidavit are sufficient documentation to support an increased attorney fee in this case. *See Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *3 (E.D. Mich. Apr. 6, 2017) (awarding attorney fees under the EAJA consisting of an increased attorney fee based on the CPI and attorney affidavits, and paralegal fees of $100 per hour); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorneys' fees under the EAJA encompass fees for paralegals).

Plaintiff seeks an additional $374.18 for two hours of work done by counsel drafting the reply brief. This brings the total fee request to $8,104.89, which the Court will award as reasonable attorney fees under the EAJA.

Finally, as is typical in Social Security appeals, Plaintiff has executed an assignment of EAJA fees to her attorney. (DE 35-6.) While EAJA fees would

---

[2] Indeed, the Court acknowledges that Mr. Olinsky was the prevailing attorney in *Glenn*, which lends substantial credibility to his claim of extensive experience.

15

otherwise be paid to Plaintiff, *see Astrue v. Ratliff*, 560 U.S. 586 (2010), the assignment permits payment directly to the attorney, with an offset for any preexisting federal debt owed by the Plaintiff. *See Cowart v. Comm'r of Soc. Sec.*, 795 F.Supp.2d 667, 671-72 (E.D. Mich. 2011).

**IV. Conclusion**

Based on the above, the Court finds that the Commissioner did not act reasonably in law or fact in defending the ALJ's RFC determination based on her interpretation of raw medical data, and thus has not met her burden of establishing that her position was substantially justified.

IT IS HEREBY ORDERED that Plaintiff's motion for attorney fees pursuant to the EAJA is **GRANTED** in the amount of $8,104,89. The Commissioner shall make payment directly to Plaintiff's counsel, with an offset for any preexisting federal debt owed by Plaintiff.

**IT IS SO ORDERED.**

Dated: March 14, 2018                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 14, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti
